JUDGE PRYOR
delivered the opinion op the court.
James M. Fogle died some years since in the county of Marion, leaving his widow and five children surviving him; four of these children were by his first and one by his last wife. He left a last will and testament by which he made suitable provision for his widow and the child by her, and gave the balance of his estate to his four children by the first marriage. In the sixth clause of his will he uses the following language in regard to the manner in which the division of that portion of his estate devised to these last-named children is to be made: “John D. Fogle has received from his grandfather at least three thousand dollars. Now I will to my other three children, Willie P., Mattie B., and Bettie P. Fogle, three thousand dollars each.” James M. Fogle, the devisor and father of these children, was the only child of John A. Fogle. John A. Fogle, the grandfather, died two days before his son James, leaving also a last will, by which he directed all of his estate to be equally divided between his grandchildren, the children of his son James. His will contains this clause: “ I have interest-bearing bonds and bank-stock to the amount of fifteen thousand dollars, which, together with what my farm sells for, I want divided equally between my five grandchildren, charging my grandson J. D. Fogle with an advancement of three thousand dollars.”
Thé present action in equity was instituted by J. D. Fogle, in which it is alleged that his father, James M. Fogle, at the *723 time he made his will knew that John A. Fogle, the grandfather, had advanced three thousand dollars to him; and believing that the latter would make no charge of it as an advancement, his father, in order to equalize his four children in both estates, required John D., the plaintiff, to account for this sum as an advancement by a clause in his will, when in fact his grandfather by his will had charged him with the advancement, thus making him account for the three thousand dollars in the distribution of each estate. The chancellor is called on to so construe the will of James M. Fogle, by the aid of the will of John A. Fogle, as to carry out the intention and purpose of the father in making, as is alleged, his four children equal in the division of both estates, or to correct the mistake under which the father labored at the time he made his will, in supposing that the grandfather would make no charge of the advancement. The other children and devisees are made defendants, and upon the hearing in the court below, the chancellor granting the relief sought, they appeal to this court.
If the language used in a will is plain and has a definite-meaning, it is well settled that no evidence can be resorted to-in order to give it a different meaning. Parol evidence is often admitted to explain what is termed a latent ambiguity in a will. Tindall, C. J., in the case of Miller v. Travers,, says that cases upon such questions are classified as follows “1. Where the description of the devise or the subject-matter-of the devise is clear on the face of the will, but upon inquiry it is found that the words used describe two or more persons or things with equal accuracy, and extrinsic evidence must be resorted to so as to explain to which of the two the devise applies. 2. Where the description of the devise is correct in part and in part incorrect.” Many illustrations of these rules may be found in the text-books; as, “Where the testator devises his manor of Dale, and it turns out that he has two *724 manors of Dale, North Dale and South Dale, evidence may be adduced to show which was intended; or where a devise was to John Cluer, of Calcot, and there were two of that name, father and son, it was held that parol proof might be introduced to show that the devise was to the son; or where a tract of land, with its location and boundary given, is devised to A, with a further description that it was then in the possession of B, and it turns out that it was in the possession of C, the devise is good, and parol proof, if required, may be introduced to identify the land.” (Redfield on Wills, p. 584; 1 Jarman on Wills, p. 366.)
It can not be maintained that the case before us is within either of the rules by which a latent ambiguity may be explained. The clause in the will asked to be construed is so plain and intelligible that no difficulty or doubt can arise from the language used as to the testator’s intention. The chancellor, however, is called on to annul this portion of the will upon parol proof, aided by the will of John A. Fogle, the grandfather of the appellee. It is not pretended that there is any doubtful meaning in the language of the will itself, or that it admits of but one interpretation; but it is urged that when this parol testimony is admitted, in connection with the will of the grandfather, it manifests an intention upon the part of James M. Fogle to make his children equal in both estates, and that his ignorance of the will of his father induced the devisor to give three of his children three thousand dollars each more than his son John, the appellee. The statement of Russell, the witness, is to the effect “ that the devisor, James M. Fogle, desired that his four children by his first wife should have an equal share in the distribution of both estates; that John’s grandfather had given him three thousand dollars, and he, the devisor, intended to give his other three children that much more.”
The devisor, as appears from the clause of the will already *725 cited, did give John three thousand dollars less than his other children, and when the will of the grandfather is produced John is charged with this three thousand dollars as an advancement. If the intention of the devisor is to be determined from this extrinsic proof, the sixth clause of the will is to be disregarded, or the chancellor must add to it “ that these three children are not to have three thousand dollars more than John in the event his grandfather charges him mth that sum as an advancement.” It is perfectly clear that if the will of Jas. M. Fogle referred to the will of John A. Fogle, his father, or to any other writing, then the chancellor might look to both instruments in order to ascertain the devisor’s intention. There’ is no allusion in the will of the devisor, James M. Fogle, to the will of his father; nor does the testator, so far as can be gathered from the will itself, intend that the mode in which his father disposes of his property is to affect or control the devises he has made. It is true that if the parol proof and the will of John A. Fogle are to be considered in determining the intention of the devisor, this court might conclude, as counsel for the appellee so ably maintains, that the devisor intended that no distinction should be made between these children in the division of the two estates; but when we lose sight of this testimony, and look to the language of the will itself, there is no trouble in arriving at the testator’s intention, and therefore such testimony is clearly incompetent. Suppose the devisor had made the addendum to the sixth clause that the appellee desires, and it had turned out that the grandfather in his will had given John six thousand dollars more than the other children, with no account to be taken of it as an advancement, will it be insisted that the brothers and sisters of John could make him account for this sum out of his father’s estate upon the idea of the latter’s intention to make them all equal; or how would it have affected the mind of the chancellor if the appellants, in order to defeat this claim of equality, *726 had introduced proof conducing to show that, although the grandfather had only charged John with three thousand, he had in fact advanced him six thousand dollars ?
These suggestions indicate clearly the danger resulting from an innovation upon familiar and well-established principles; and instead of lessening the rigor with which they are applied, in rejecting this character of proof in explanation of such instruments, courts of equity should continue to restrict their right of resorting to extrinsic proof in order to explain the devisor’s intention — a doctrine founded upon the wisdom and experience of chancellors who have witnessed the evil resulting from this uncertain and dangerous mode of determining the wishes of the devisor, contrary to solemn declarations made in his last will and testament.
In the case of Stephen (of color) against Walker (reported in 8 B. Monroe, 601), the devisees of John Bates, deceased, insisted that Stephen was not emancipated by the will, and in order to defeat his right to freedom introduced parol testimony conducing to show that the testator did not intend to emancipate Stephen, and that the clause of the will on which his claim was based was the result of the mistake or inadvertence of the draftsman. This court, recognizing the well-settled rule of evidence on this subject, held that when the will was free from ambiguity such evidence could not be adduced for the purpose of adding to, explaining, or subtracting from it, or to raise an argument in favor of any particular construction (1 Phillips on Evidence, 545); and further, that extrinsic evidence of intention is inadmissible for supplying a devise or any other material provision omitted by mistake, or to superadd any qualifications to the terms used, or to evince a mistake in writing the instrument.
In the case of Jackson v. Payne’s heirs the residuary clause in the testator’s will directed “ that the remainder of his estate be equally divided between his four children;” also stating *727 “ that he had made advances to the four children, which advances are about equal.” One of the four insisted that the testator intended to make all of them equal, but that through inadvertence or mistake in his estimates of the amounts advanced gave to her seven thousand five hundred dollars less than the other children. Parol evidence to show this mistake was rejected. (2 Met. 570.)
The law of this state requires wills passing title to real and personal estate to be in writing. The will of the testator, James Fogle, was properly executed and admitted to probate as required by the statute. There is no ambiguity by reason of any of its provisions, and parol testimony can not be resorted to in order to contradict, add to, or explain its contents. The appellee may have received the advancement from his grandfather years before he was charged with it, or the father may have seized upon the fact of the advancement in order to make the distinction, without reference to any action on the part of the grandfather; but whether he did or not, the meaning of the words used by him is easily understood, and when so plainly expressed, evidence that he intended the devise to the three children should be conditional is clearly inadmissible. The devisor has failed to burden the devise in that way, and the chancellor should not do it for him, even if he should be satisfied from extrinsic proof that such was his intention.
Wherefore for the reasons indicated the judgment of the court below is reversed, and cause remanded with directions to dismiss appellee’s petition.